No. 24-2168

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

RHONDA BURNETT, et al.,
*Plaintiffs-Appellees,*

SPRING WAY CENTER LLC,
*Objector-Appellant,*

v.

THE NATIONAL ASSOCIATION OF REALTORS, ET AL.,
*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Case No. 19-cv-00332 (SRB), Hon. Stephen R. Bough

# APPELLANT SPRING WAY CENTER LLC'S STATEMENT
# OF ISSUES ON APPEAL

AND NOW, Objector/Appellant Spring Way Center LLC, by and through its undersigned counsel, files this preliminary Statement of Issues on Appeal:

1. Did the trial court err in certifying a class for settlement when:

   a. The settlement class was significantly different from and enormously broader than the class pleaded in the Complaint;

   b. The settlement class was significantly different from and enormously broader than the class previously certified; and/or

   c. The settlement class was significantly different from and enormously broader

4887-2790-2665 v1

than the class for which discovery was conducted?

2. Did the trial court err in approving a settlement when the weight of the evidence, including a prior judgment of the same court, showed that the settlement amount was grossly disproportionate to the harm caused by the settling defendants, by orders of magnitude, and did not account in any way for statutory trebling of damages?

3. Did the trial court err in approving a settlement which did not serve the interests of the settlement class in that, *inter alia*, it:

   a. Allowed "free rider" releasees to be released from liability without paying into the settlement;

   b. Did not take into account the differing factual bases of the claims of the original certified class and those of the members of the expanded, nationwide settlement class;

   c. Includes cooperation agreements which benefited some class members but prejudiced others, specifically those added to the settlement class but who were not members of the original class certified; and/or

   d. Accepted grossly insufficient evidence supporting key elements of settlement approval, including but not limited to ability to pay of the settling defendants?

4. Did the trial court err in approving a settlement which included practice changes that were grossly insufficient to abate the unlawful conduct complained of, and that in fact the settlement:

   a. Preserves the existing collusive pricing system; while also

   b. Pushing the collusive behavior underground where it will be much more difficult, possibly impossible, for home buyers or sellers to address the problem

4887-2790-2665 v1

of collusive pricing in the future?

5. Did the trial court err in approving a settlement that, by significantly expanding the class, thereby improperly and grossly dilutes the recovery of the original extremely narrower class?

6. Did the trial court err by failing to hold an evidentiary hearing on the approval of the settlement?

Dated:                                                                 Respectfully submitted,

<u>By: /s/ Bert S. Braud</u>
Bert S. Braud, Esquire
MO ID No.: 34325
bbraud@pophamlaw.com
THE POPHAM LAW FIRM
712 Broadway, Suite 100
Kansas City, MO 64105
(816) 221-2288


*Counsel for Spring Way Center LLC*

4887-2790-2665 v1

# CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2024, I electronically filed the foregoing with the Clerk of the Eighth Circuit by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<i>/s/ Bert S. Braud</i><br>
Attorney for Appellant Spring Way Center LLC

4887-2790-2665 v1