# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, FRANCIS HARVEY, HOLLEE ELLIS,
*Plaintiffs-Appellees,*

v.

THE NATIONAL ASSOCIATION OF REALTORS,
HOMESERVICES OF AMERICA,
*Defendants*

KELLER WILLIAMS REALTY, INC, REALOGY HOLDINGS CORP.,
NOW KNOWN AS ANYWERE REAL ESTATE
*Defendants -Appellees*

BHH AFFILIATES LLC, HSF AFFILIATES, LLC
*Defendants*

RE/MAX LLC
*Defendant – Appellee*

v.

SPRING WAY CENTER, LLC
*Objector – Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Case No. 19-cv-00332 (SRB), Hon. Stephen R. Bough

**OBJECTOR - APPELLANT SPRING WAY CENTER LLC'S
REPLY BRIEF**

Bruce C. Fox
bruce.fox@obermayer.com
Andrew J. Horowitz
andrew.horowitz@obermayer.com
D. McArdle Booker
Mcardle.booker@obermayer.com
Obermayer Rebmann Maxwell &
Hippel LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
Tel:  (412) 566-1500

Bert S. Braud, Esquire
MO ID No.: 34325
bbraud@pophamlaw.com
THE POPHAM LAW FIRM
712 Broadway, Suite 100
Kansas City, MO 64105
(816) 221-2288

*Attorneys for Appellant*
*Spring Way Center, LLC*

# TABLE OF CONTENTS

ARGUMENT ....................................................................................................... 1

I.        The Trees ............................................................................................ 2

        A.      No disinterested or adverse party reviewed the ability to pay of the settling defendants ......................................................... 2

        B.      Plaintiff-Appellees' brief contradicts itself on ability to pay, and it is impossible to square this contradiction because the underlying information was not made available to any objector ................................................................................... 3

        C.      Objectors were rushed through a brief five minutes in which to be heard at the hearing, at which there was no evidence heard and after which the District Court produced a lengthy Order approving the settlement immediately after ............... 4

        D.      The settlement class is immensely larger than the original class and receives recovery immensely smaller ...................... 6

        E.      The District Court did not consider the effectiveness of the method of distributing relief, because no such method was proposed, and consideration of the separate notice and claims process is not a replacement for that requirement.... 7

II.       The Forest ............................................................................................ 8

CONCLUSION .................................................................................................. 8

# TABLE OF AUTHORITIES

**Federal Cases**

*Adams v. USAA Cas. Ins. Co.*,
  863 F.3d 1069 (8th Cir. 2017) ............................................................... 1

*Exeter Bancorporation, Inc. v. Kemper Secs. Group, Inc.*,
  58 F.3d 1306 (8th Cir. 1995) ................................................................ 6

*Jenson v. Continental Financial Corp.*,
  591 F.2d 477 (8th Cir. 1978) ................................................................ 1

*Rutter v. Wilbanks Corp. v. Shell Oil Co.*,
  314 F.3d 1180 (10th Cir. 2002) ............................................................ 5

*UAW v. GMC*,
  497 F.3d 615 (6th Cir., 2007) ............................................................... 5

**Rules**

**F.R.Civ.P. 23** ........................................................................... 1, 2, 7, 8

# ARGUMENT

The responses of Appellees in this appeal show a common approach: each spends its time walking among the many issues in this case, expounding about each why this particular item or that one is not sufficient to doom a class action settlement. Appellees, like arborists, examine the bark of this one, the leaves of that, and speak about each with great confidence. Throughout, they never acknowledge that they are in a forest.

And certainly with each problem in this case, they often make a plausible argument that, for instance, perhaps if it were only the extremely attenuated hearing process here, that would not be enough to sink the proposed settlement; or if it were only the extraordinary expansion of the class for settlement; or if it were only the opacity of the review of the ability of the settling Defendants to pay. Each tree, says the arborist, is well enough, if not exactly hale and hearty, but never notes the sickness that pervades the forest.

The purpose of Rule of Civil Procedure 23(e) "is to protect the rights and interests of absent class members." *Jenson v. Continental Financial Corp.*, 591 F.2d 477, 482 fn. 7 (8th Cir. 1978), *accord Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1082 (8th Cir. 2017) ("The purpose of Rule 23(e) is to protect the rights of nonparty members of the class with the court acting in a fiduciary capacity for absent class members."). With that purpose in mind, the question for this Court is

not the trees – whether any particular problem with the process is in itself sufficient to reject a proposed settlement – but the forest – whether all of the problems taken together add up to a failure of the District Court to properly protect the rights and interests of absent class members.

I.      The Trees

### A. No disinterested or adverse party reviewed the ability to pay of the settling defendants

The Plaintiff's brief gives the most fulsome description of the process by which the Court determined that, despite the relative pittance this settlement represents as compared to the jury award that immediately followed it.[1] Plaintiffs' Brief, Entry ID 5464463, pp 7-9, 10-11, 44-45. In this telling, "Plaintiffs' counsel carefully analyzed the finances of each Defendant and determined that the settlement amounts were the most Defendants could reasonably pay." *Id*. at 44-45. Plaintiff's counsel, in this context, of course means the counsel that stands to collect significant fees upon payment of the settlement. App. 1447-1448, R. Doc. 1487 ¶¶ 67-68. Even the accountant who supported the claims of the parties advancing the settlement was not an independent accountant, but *in fact a lawyer*

---

[1] Appellees Anywhere and RE/MAX argue that the jury verdict cannot be considered here because it occurred (shortly) after this settlement was reached, rather than before. Anywhere Brief, Entry ID 5466196, pp. 52-53. This argument ignores the knowledge of the harm that had been caused that all parties had by that late date, but may be of interest to this Court when it comes to consider the additional settlements entered into after that verdict was entered.

*and law partner of class counsel*. App. 994, 1065-1071, 1374-1375; R. Doc. 1469, 1469-2, 1485.

Notably, Plaintiffs' counsel does not identify anyone else who reviewed the settling Defendants' finances (or any law indicating that it is sufficient to allow only interested parties on one side to review relevant evidence). The District Court did not allow any discovery on the Defendants' finances so that class counsel's representations could be checked. At both the District Court and now before this Court, the parties supporting approval of the settlement said the same thing: trust us, but don't verify. This is not protecting the rights and interests of absent class members.

**B. Plaintiff-Appellees' brief contradicts itself on ability to pay, and it is impossible to square this contradiction because the underlying information was not made available to any objector**

Plaintiffs' Brief is at least somewhat specific in its claims about Defendants' ability to pay, stating that the settlement at the time it was entered into represented 46.6% of Anywhere's cash on hand and 56.9% of RE/MAX's, while implying that Keller Williams had little or no cash on hand. Plaintiffs' Brief, Entry ID 5464463, p. 10. This is, of course, based this on information that was never available to any Objector. Of course, this leaves more than half and about forty percent of Anywhere and RE/MAX's cash on hand available, and the Brief even notes that Keller Williams was able to secure financing to make up for a cash shortfall.

3

The Plaintiffs' brief also, however, defends the inclusion of each settling Defendant's franchisees, subsidiaries, and agents: that is, the entities and persons through whom the antitrust conspiracy was enacted. Plaintiffs' Brief, Entry ID 5464463, pp. 50-54. These franchisees, subsidiaries, and agents were not required to make any payment. But neither were they apparently factored into the ability to pay determination. They are simply free riders.

So, Plaintiffs argue that, although they had additional cash and ability to borrow, the settling Defendants could not pay more, and it was necessary to include their franchisees, subsidiaries, and agents for free, but those all had presumably some ability to pay also.

How can this be solved? It cannot, because the Objectors were not permitted to review the underlying financial information. Nor, as far as the record reflects, did the District Court. Trust us, but don't verify, and pay no attention to the franchisees behind the curtain.

### C. Objectors were rushed through a brief five minutes in which to be heard at the hearing, at which there was no evidence heard and after which the District Court produced a lengthy Order approving the settlement immediately after

Plaintiffs' Brief also waves away concerns about the hurried nature of the final settlement hearing, in which objectors were limited by the Court to a mere five minutes, the hearing itself lasted less than an hour, and the District Court

essentially immediately issued a lengthy Order in which it implausibly claimed to have considered "arguments at the hearing," and the same day certified the approval as a final judgment. App. 1360-1361; R. Doc. 1480; App. 1377-1413 1414-1415; R. Doc. 1486; App. 1416-1455; R. Doc. 1487; App. 1467; R. Doc. 1490.

To support this waving off, the Plaintiff Appellees cite to a single Tenth Circuit case. *Rutter v. Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187 (10th Cir. 2002). In that case, however, the Tenth Circuit noted that the appellant "had access to significant discovery in this matter and" associated cases, which no objectors in this matter did. *Id*. Further, the Tenth Circuit noted that "[t]he universal rule of due process is fairness." *Id*., *citing Jones v. Nuclear Pharm., Inc.*, 741 F.2d 322, 325 (10th Cir. 1984) (and noting that, in *Jones*, the objector "had complete access to discovery.").

Defendant-Appellee Keller Williams managed to find a somewhat more strident opinion in the area of brushing off the due process rights of objectors, although still one with no precedential value here. *UAW v. GMC*, 497 F.3d 615 (6th Cir., 2007). Even there, however, the Court acknowledges that "[p]arties to the settlement must proffer sufficient evidence to allow the district court to review the terms and legitimacy of the settlement." *Id*. at 635. "Statements of counsel are not

5

evidence and do not create issues of fact." *Exeter Bancorporation, Inc. v. Kemper Secs. Group, Inc.*, 58 F.3d 1306, 1312 fn. 5 (8th Cir. 1995).

There is an argument to be made, based on *Rutter*, *Jones*, and *UAW* that a full evidentiary hearing is not always required. Due process, fairness, and access to information, however, certainly are. So is evidence that is not a statement of counsel, even presenting himself as an accountant. These were lacking in this case.

### D. The settlement class is immensely larger than the original class and receives recovery immensely smaller

Spring Way's Opening Brief discusses the problems of trading a five billion dollar recovery for a statewide class for a fraction of that recovery for a nationwide class and that argument will not be repeated here. It does, however, bear noting that Plaintiffs now claim that "settling defendants typically pay more to secure a nationwide release than they would for more limited releases" as a justification for the switch to a nationwide class here. Plaintiffs' Brief, Entry ID 5464463, p. 40. And it may be true that is what typically happens. But that is not what happened here. To the contrary, when the settlement had been negotiated the amount had shrunk as the number of releases on offer grew. Plaintiffs' point to the ability to pay of the Defendants as a reason for this, but again objectors – and everyone else – is told to trust but never verify.

### E. The District Court did not consider the effectiveness of the method of distributing relief, because no such method was proposed, and consideration of the separate notice and claims process is not a replacement for that requirement

A court must consider "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." F.R.Civ.P. 23(e)(2)(C)(ii). Anywhere and RE/MAX attempt to play a shell game with this requirement by arguing that "the district court carefully reviewed the notice and claims process." Anywhere Brief, Entry ID 5466196, p. 53. This argument notably ignores the "proposed method of distributing relief to the class," which includes the method of processing.

While Spring Way does not know how careful the District Court was in reviewing the notice and claims process, that is only a piece of distribution of relief. How precisely the relief would be distributed in the sense that means the most to class members, who gets what, was not reviewed, carefully or otherwise, by the District Court. We know that without a doubt because no such method was ever proposed to the District Court.

Failure to consider how relief would be distributed is not only a violation of Rule 23(e)(2)(C)(ii), but it also makes it fundamentally impossible for class members to determine what the likely effect of this settlement on them will be. Nor will there be a further role for the courts, as the District Court approved the

7

settlement and entered a final judgment, apparently leaving this issue for counsel to decide as they see fit. Trust us, but never verify.

**II.        The Forest**

The clear picture that all of this paints, when one steps back and takes it all in as not just a series of problems but a cohesive whole, is a rushed process designed to get a settlement approved, no matter what the objectors might say and no matter what issues might arise. To some degree, this is understandable. The District Court and the parties to this litigation lived with this dispute for a long time. They wanted to see an end to it. It is not, however, what Rule 23(e) requires, and this Court should reverse the District Court and remand for further proceedings.

**CONCLUSION**

After taking into account the clear and pervasive story the record tells of a rushed process, aimed not at providing protection for the rights and interests of absent class members, but instead at getting a settlement in place as quickly as possible, by hook or by crook, this Court should reverse the District Court, vacate the judgment and orders below, and remand for a full and fair process.

| Date: January 15, 2025 | Respectfully Submitted, |
|---|---|
| | */s/D. McArdle Booker* |
| | Bruce C. Fox |
| | bruce.fox@obermayer.com |
| | Andrew J. Horowitz |
| | andrew.horowitz@obermayer.com |
| | McArdle Booker |
| | mcardle.booker@obermayer.com |
| | Obermayer Rebmann Maxwell & Hippel LLP |
| | 525 William Penn Place, Suite 1710 |
| | Pittsburgh, PA 15219 |
| | Tel: (412) 566-1500 |
| | |
| | Bert S. Braud, Esquire |
| | MO ID No.: 34325 |
| | bbraud@pophamlaw.com |
| | THE POPHAM LAW FIRM |
| | 712 Broadway, Suite 100 |
| | Kansas City, MO 64105 |
| | (816) 221-2288 |
| | |
| | *Attorneys for Appellant* |
| | *Spring Way Center LLC* |

# CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2025 I electronically refiled the foregoing with the Clerk of the Eighth Circuit by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<em>/s/ D. McArdle Booker</em>
Attorney for Objector-Appellant Spring Way Center, LLC

# COMBINED CERTIFICATE OF COMPLANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a). The non-exempt portion of this brief contains 1,904 words. This brief has been prepared in 14-point Times New Roman font.

This brief has been filed electronically in non-scanned PDF format. The file has been scanned for viruses and is virus-free.

*/s/ D. McArdle Booker*
Attorney for Objector-Appellant Spring Way Center LLC
